UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| KAREN AMOS-SAULSBERRY, <br><br> Plaintiff, <br><br> v. <br><br> TEXAN CREDIT CORPORATION, <br><br> Defendant. | CIVIL ACTION <br><br> COMPLAINT 6:19-cv-00326 <br><br> JURY TRIAL DEMANDED |

## COMPLAINT

**NOW COMES** Karen Amos-Saulsberry ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining of Texan Credit Corporation ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227, violations of the Texas Debt Collection Act ("TDCA") pursuant to Tex. Fin. Code Ann. §392, Invasion of Privacy ("IOP"), Intentional Infliction of Emotional Distress ("IIED"), and Trespass to Personal Property ("TPP").

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the TCPA, and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resides in the Western District of Texas, Defendant conducts business in the Western District of Texas, and Defendant maintains significant business contacts in the Western District of Texas.

1

**PARTIES**

4. Plaintiff is a consumer and natural person over 18-years-of-age who, at all times relevant, is a "person" as defined by 47 U.S.C. §153(39).

5. Defendant is engaged in the business of offering credit services and collecting or attempting to collect, directly or indirectly, debts owed or due using the mail and telephone from consumers located in the state of Texas. Defendant is located at 357 Jacob Street, Timpson, Texas 75975.

**FACTS SUPPORTING CAUSES OF ACTION**

6. Around 2018, Plaintiff obtained a personal loan from Defendant in the amount of approximately $200.00 ("subject debt").

7. Due to unforeseen financial hardship, Plaintiff fell behind on her payments.

8. Immediately after Plaintiff missed a payment, Defendant began making collection calls to Plaintiff's cellular phone in an attempt to collect the subject debt.

9. At all times relevant, Plaintiff was the sole subscriber, owner, possessor, and operator of her cellular telephone number, (254) XXX-0821. Plaintiff is and has always been financially responsible for this cellular telephone and its services.

10. Around April 2019, Plaintiff answered a call from Defendant, requested that Defendant stop calling her, and requested that Defendant send all further communications via USPS.

11. In spite of Plaintiff's request that Defendant cease calling her cellular phone, Defendant continued to place collection calls to Plaintiff's cellular phone.

12. Notwithstanding Plaintiff's request that Defendant cease placing calls to her cellular phone, Defendant placed or caused to be placed numerous harassing phone calls to Plaintiff's cellular phone between April 2019 and the present day.

13. Moreover, in the phone calls Plaintiff answered, Plaintiff was greeted by a noticeable period of "dead air" while Defendant's telephone system attempted to connect Plaintiff to a live agent.

14. Specifically, there would be an approximate 3 second pause between the time Plaintiff said "hello," and the time that a live agent introduced them self as a representative of Defendant attempting to collect on the subject debt.

15. Likewise, Plaintiff also hears what sounds to be call center noise in the background of Defendant's collection calls.

16. Plaintiff's demands that Defendant's phone calls cease fell on deaf ears and Defendant continued its phone harassment campaign.

17. Defendant intentionally harassed and abused Plaintiff on numerous occasions by on back to back days, with such frequency as can be reasonably expected to harass.

18. Upon information and belief, Defendant placed its calls to Plaintiff's cellular telephone using an automated telephone dialing system, a system that is commonly used in the debt collection industry to collect defaulted debts.

## DAMAGES

19. Defendant's wanton and malicious conduct has severely impacted Plaintiff's daily life and general well-being.

20. Plaintiff has expended time and incurred costs consulting with her attorneys as a result of Defendant's unfair, deceptive, and misleading actions.

21. Plaintiff was unduly inconvenienced and harassed by Defendant's unlawful attempts to collect the subject debt.

22. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, increased risk of personal injury resulting from the distraction caused by the phone calls, aggravation that accompanies unsolicited debt collection calls, harassment, emotional distress, anxiety, loss of concentration, diminished value and utility of his telephone equipment and telephone subscription services, enervating Plaintiff's voicemail capacity, the wear and tear caused to her cellular telephone, the loss of battery charge, the loss of battery life, and the per-kilowatt electricity costs required to recharge her cellular telephone as a result of increased usage of her telephone services.

<u>**COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION**</u>

23. Plaintiff restates and realleges paragraphs 1 through 22 as though fully set forth herein.

24. Defendant repeatedly placed or caused to be placed frequent non-emergency calls, including but not limited to the calls referenced above, to Plaintiff's cellular telephone number using an automatic telephone dialing system ("ATDS") or prerecorded or artificial voice without Plaintiff's prior consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

25. The TCPA defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. §227(a)(1).

26. Upon information and belief, based on Defendant's lack of prompt human response during the phone calls in which Plaintiff answered, Defendant used an ATDS to place calls to Plaintiff's cellular telephone.

27. Upon information and belief, the ATDS employed by Defendant transfers the call to a live agent once a human voice is detected, thus resulting in a pause after the called party speaks into the phone.

28. Defendant violated the TCPA by placing numerous calls to Plaintiff's cellular phone between April 2019 and the present day, using an ATDS without her prior consent.

29. Any prior consent, if any, was revoked by Plaintiff's verbal revocation.

30. As pled above, Plaintiff was severely harmed by Defendant's collection calls to her cellular phone.

31. Upon information and belief, Defendant has no system in place to document and archive whether it has consent to continue to contact consumers on their cellular phones.

32. Upon information and belief, Defendant knew its collection practices were in violation of the TCPA, yet continued to employ them to increase profits at Plaintiff's expense.

33. Defendant, through its agents, representatives, subsidiaries, and/or employees acting within the scope of their authority acted intentionally in violation of 47 U.S.C. §227(b)(1)(A)(iii).

34. Pursuant to 47 U.S.C. §227(b)(3)(B), Defendant is liable to Plaintiff for a minimum of $500 per phone call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Defendant's willful and knowing violations of the TCPA triggers this Honorable Court's discretion to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

**WHEREFORE**, Plaintiff KAREN AMOS-SAULSBERRY respectfully prays this Honorable Court for the following relief:

a. Declare Defendant's phone calls to Plaintiff to be violations of the TCPA;
b. Award Plaintiff damages of at least $500 per phone call and treble damages pursuant to 47 U.S.C. § 227(b)(3)(B)&(C); and
c. Awarding Plaintiff costs and reasonable attorney fees;
d. Enjoining Defendant from further contacting Plaintiff; and
e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

35. Plaintiff restates and realleges paragraphs 1 through 34 as though fully set forth herein.

36. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

37. The alleged subject debt is a "debt" "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

38. Defendant is a "debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) and (7).

a. **Violations of TDCA § 391.302**

39. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.302(4), states that "a debt collector may not oppress, harass, or abuse a person by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number."

40. Defendant violated the TDCA when it continuously called Plaintiff's cellular phone after she informed it to stop calling. This repeated behavior of systematically calling Plaintiff's phone despite her demands was oppressive, harassing, and abusive. The repeated contacts were made with the hope that Plaintiff would succumb to Defendant's harassing behavior and immediately make a payment.

41. Furthermore, Defendant relentlessly contacted Plaintiff multiple times on back to back days. Placing such voluminous calls in short succession constitutes conduct causing a telephone to ring repeatedly or continuously with the intent to annoy, abuse, and harass Plaintiff into making payment in violation of the TDCA.

42. Upon being told to stop calling, Defendant had ample reason to be aware that it should cease its harassing campaign of collection phone calls. Nevertheless, Defendant consciously chose to continue placing calls to Plaintiff's cellular phone.

**WHEREFORE**, Plaintiff KAREN AMOS-SAULSBERRY respectfully requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
b. Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);
c. Award Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);
d. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;
e. Award Plaintiff costs and reasonable attorney fees as provided under Tex. Fin. Code Ann. § 392.403(b) ; and
f. Award any other relief as the Honorable Court deems just and proper

### COUNT III-INVASION OF PRIVACY-INTRUSION UPON SECLUSION

43. Plaintiff restates and realleges paragraphs 1 through 42 as though fully set forth herein.

44. Defendant, through its collection conduct, has repeatedly and intentionally invaded Plaintiff's privacy.

45. Defendant's persistent and unwanted autodialed phone calls to Plaintiff's cellular phone eliminated her right to be left alone.

46. Moreover, Defendant's behavior in continuously contacting Plaintiff by phone at different times throughout the day was highly intrusive and invasive.

47. All of the calls made to Plaintiff's cellular phone were made in violation of the TCPA, and were unreasonable and highly offensive invasions of Plaintiff's right to privacy.

48. The constant unauthorized prying into Plaintiff's seclusion was highly offensive to Plaintiff and this intrusion would be objectionable to any reasonable person.

49. Defendant's unsolicited phone harassment campaign severely disrupted Plaintiff's privacy, disrupted Plaintiff's sleep, overall focus, and continually frustrated and annoyed Plaintiff into submission.

50. These persistent collection calls eliminated the peace and solitude that Plaintiff would have otherwise had in Plaintiff's home and anywhere else Plaintiff went with her cellular phone.

51. By continuing to call Plaintiff in an attempt to dragoon Plaintiff into paying the subject debt, Plaintiff had no reasonable escape from these incessant calls.

52. As detailed above, by persistently autodialing Plaintiff's cellular phone without her prior express consent, Defendant invaded Plaintiff's right to privacy, as legally protected by the TCPA, and caused Plaintiff to suffer concrete and particularized harm.

53. Defendant's relentless collection conduct and tactic of repeatedly auto dialing Plaintiff's cellular phone after she requested that these calls cease on numerous occasions is highly offensive to a reasonable person.

54. Defendant intentionally and willfully intruded upon Plaintiff's solitude and seclusion.

**WHEREFORE**, KAREN AMOS-SAULSBERRY, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual damages;

c. Award Plaintiff punitive damages;

d. Award Plaintiff her reasonable attorney's fees & costs;

e. Enjoining Defendant from contacting Plaintiff; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT IV-INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

55. Plaintiff restates and realleges paragraphs 1 through 54 as though fully set forth herein.

56. To state a claim for intentional infliction of emotional distress, a plaintiff must allege (1) the defendant acted intentionally or recklessly; (2) the defendant's conduct was extreme and outrageous; (3) the conduct caused the plaintiff emotional distress; and (4) the emotional distress was severe. *Hoffmann-La Roche Inc. v. Zeltwanger*, 144 S.W.3d 438, 447 (Tex. 2004).

57. Defendant intentionally engaged in extreme and outrageous conduct when Defendant incessantly tried to dragoon the Plaintiff into making payments on the subject debt via intrusions, threats and harassment carried out during the phone calls to Plaintiff's cellular phone.

58. Defendant knew that its relentless phone calls would inflict severe emotional distress on Plaintiff and Plaintiff's general well-being.

59. Defendant knew or should have known that Plaintiff had revoked consent to be contacted by any means.

60. Defendant's conduct was designed to cause severe emotional distress to the Plaintiff.

61. Defendant intentionally caused Plaintiff's emotional distress by way of endless phone calls, at all hours of the day, whether Plaintiff was at home or elsewhere, in an attempt to coerce Plaintiff into making a payment.

62. Defendant's actions were designed to instill fear and emotional distress upon Plaintiff.

63. Defendant's intentional or reckless conduct caused severe emotional distress to Plaintiff.

64. Plaintiff suffered an emotional response to Defendant's conduct that resulted in exasperation of Plaintiff's stress.

65. As stated above, Plaintiff has suffered damages from Defendant's outrageous conduct.

**WHEREFORE,** Plaintiff KAREN AMOS-SAULSBERRY respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Enter judgment in her favor and against Defendant;
b. Award Plaintiff her actual damages in an amount to be determined at trial;
c. Award Plaintiff punitive damages in an amount to be determined at trial;
d. Award any other relief this Honorable Court deems equitable and just.

### COUNT V-TRESPASS TO PERSONAL PROPERTY

66. Plaintiff restates and realleges paragraphs 1 through 65 as though fully set forth herein.

67. Trespass to Personal Property is "an injury to, or interference with, possession, unlawfully, with or without the exercise of physical force." *Mountain States Tel. & Tel. Co. v. Vowell Constr. Co.*, 341 S.W.2d 148, 150 (Tex. 1960).

68. "The harm recognized by the ancient common law claim of trespass to chattels — the intentional dispossession of chattel, or the use of or interference with a chattel that is in the possession of another, is a close analog for a TCPA violation." *Mey v. Got Warranty, Inc.,* 193 F.Supp.3d 641, 647 (N.D. W. Va. 2016).

69. Courts have applied this tort theory to unwanted telephone calls and text messages. *See Czech v. Wall St. on Demand,* 674 F.Supp.2d 1102, 1122 (D.Minn. 2009) and *Amos Financial,*

*L.L.C. v. H&B&T Corp.,* 48 Misc.3d 1205(A), 2015 WL 3953325, at *8 (N.Y.Sup. Ct. June 29, 2015).

70. "Even if the consumer does not answer the call or hear the ring tone, the mere invasion of the consumer's electronic device can be considered a trespass to chattels, just as "plac[ing a] foot on another's property" is trespass." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1551 (2016) (Thomas, J., concurring).

71. Defendant interfered with Plaintiff's ability to use her cellular phone while it was in her possession.

72. Defendant bombarded Plaintiff with numerous calls, leaving her unable to use or possess her phone in the manner in which she wanted to.

73. Defendant knew or should have known that its phone calls were not consented to, as Plaintiff stated that Defendant must cease contacting her on numerous occasions.

74. Defendant caused damage to Plaintiff's phone, including, but not limited to, the wear and tear caused to his cellular telephone, the loss of battery charge, and the loss of battery life.

75. Plaintiff also suffered damages in the form of stress, anxiety, and emotional distress, from Defendant's continuous interference with her possession of her cellular phone.

**WHEREFORE,** Plaintiff KAREN AMOS-SAULSBERRY respectfully requests that this Honorable Court enter judgment in her favor as follows:
  a. Enter judgment in her favor and against Defendant;
  b. Award Plaintiff her actual damages in an amount to be determined at trial;
  c. Award Plaintiff punitive damages in an amount to be determined at trial;
  d. Enjoining Defendant from contacting Plaintiff;
  e. Award any other relief this Honorable Court deems equitable and just.

**Plaintiff demands trial by jury.**

Dated: May 28, 2019　　　　　　　　　　　Respectfully Submitted,

　　　　　　　　　　　　　　　　　　　　/s/ Alexander J. Taylor
　　　　　　　　　　　　　　　　　　　　/s/ Marwan R. Daher
　　　　　　　　　　　　　　　　　　　　/s/ Omar T. Sulaiman
　　　　　　　　　　　　　　　　　　　　Alexander J. Taylor, Esq.
　　　　　　　　　　　　　　　　　　　　Marwan R. Daher, Esq.
　　　　　　　　　　　　　　　　　　　　Omar T. Sulaiman, Esq.
　　　　　　　　　　　　　　　　　　　　*Counsel for Plaintiff*
　　　　　　　　　　　　　　　　　　　　Sulaiman Law Group, Ltd
　　　　　　　　　　　　　　　　　　　　2500 S Highland Ave, Suite 200
　　　　　　　　　　　　　　　　　　　　Lombard, IL 60148
　　　　　　　　　　　　　　　　　　　　Telephone: (630) 575-8181
　　　　　　　　　　　　　　　　　　　　ataylor@sulaimanlaw.com
　　　　　　　　　　　　　　　　　　　　mdaher@sulaimanlaw.com
　　　　　　　　　　　　　　　　　　　　osulaiman@sulaimanlaw.com